UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 11-10038-RWZ

UNITED STATES OF AMERICA

v.

RASHAD GREAVES

ORDER
August 30, 2011

ZOBEL, D.J.

Defendant, Rashad Greaves, stands indicted under 18 U. S.C.§922(g)(1), for possessing on September 17, 2010, one Heritage Manufacturing, Inc. Stealth C-4000 semiautomatic handgun and 50 rounds of Winchester S&W 40 caliber ammunition, after he had been convicted of a felony. He has moved to suppress the gun found at his residence pursuant to a search warrant which, defendant asserts, was issued without probable cause. Specifically, he characterizes the affidavit supporting the application for the warrant as "based largely on months-old vague information from a single unnamed informant that was too stale to constitute probable cause that the officers would find evidence of criminal activity in Mr. Greaves's (sic) home".

Gregory J. Forestell, a police officer in the City of Melrose who was serving at the rank of Detective on September 16, 2010, when he signed the affidavit, does, indeed, rely on only one confidential unnamed informant, referred to as KM1. However, he points out that he does know KM1's name, address and telephone number and that KM1 had provided information previously which led to a search warrant and resultant seizure of narcotics. With respect to this case, Mr. Forestell states in the affidavit that

he has spoken to KM1 on multiple occasions and that KM1 told him that within the past few months he had personally been inside defendant's residence at 44 Waverly Place, Melrose, and had seen a large caliber stainless steel revolver with green tape around the handle in defendant's bedroom on more than one occasion. He also said that defendant was the sole occupant of that house.

Detective Forestell further tells about his inquiries into defendant's criminal record, which turned out to be extensive and included a number of violent offenses. He noted that Melrose police had filed a report the preceding day, September 15, 2010, that officers responded to 44 Waverly Place and the person in the house was defendant. He also ascertained that defendant did not have a Firearms Identification Card or license to carry firearms. Finally, he described the building at 44 Waverly Place in considerable detail.

Contrary to defendant's suggestion that the information from KM1 was weeks or months old and thus stale and unreliable, the affidavit states that KM1 had been at 44 Waverly Place on multiple occasions "within the past few months" and had seen the described gun in defendant's bedroom "on more than one occasion." That he observed the gun with its unique green tape several times over a period of time suggests a stability of place that one could reasonably expect to continue.

I find the affidavit fully adequate to support the magistrate's conclusion of probable cause to believe that a stainless steel firearm and ammunition were present at 44 Waverly Street and in the possession of the defendant.

The motion to suppress is denied.

|  August 30, 2011 | /s/Rya W. Zobel |
| --- | --- |
| DATE | RYA W. ZOBEL |

2

UNITED STATES DISTRICT JUDGE